UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

YU HIN CHAN,

                Plaintiff,

      v.

JOY F. CAMPANELLI, ROVENA
BERIQIRI, JOSEPH C. ADMAN,
and WENDY CIDSCO,

                Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-8110 (RPK) (JRC)

RACHEL P. KOVNER, United States District Judge:

    Plaintiff's motion to proceed *in forma pauperis* is granted, *see* Mot. (Dkt. #2), but plaintiff is ordered to show cause in writing by January 2, 2025 why this case should not be dismissed for the reasons explained below.

## BACKGROUND

    Plaintiff is a defendant in a lawsuit in New York Supreme Court, Kings County. *See* Compl. 2 (ECF pagination) (Dkt. #1); *252685 St. LLC v. Gu*, No. 505280/2024 (N.Y. Sup. Ct.). On May 10, 2024, Judge Joy F. Campanelli entered an order granting preliminary injunctive relief against plaintiff. *See* Decision & Order on Mot., *252685 St. LLC v. Gu*, No. 505280/2024 (N.Y. Sup. Ct.), NYSCEF No. 64; *see also 252685 St. LLC v. Gu*, No. 2024-07032, (N.Y. App. Div. 2d Dep't), NYSCEF No. 11 (declining to stay enforcement pending appeal).

    Liberally construed, plaintiff's complaint here claims that defendants—Judge Campanelli and three of her law clerks—violated plaintiff's Fourteenth Amendment right to due process by twice engaging in *ex parte* communications with the state-court plaintiffs. *See* Compl. 3–5 (ECF

1

pagination). The complaint seeks a declaratory judgment that defendants violated plaintiff's due process rights and an injunction staying the pending state court case, preventing Judge Campanelli from presiding over that case, and barring future *ex parte* communications in that case. *See id.* at 6 (ECF pagination).

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))). A *pro se* plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

## DISCUSSION

Plaintiff's motion to proceed *in forma pauperis* is granted, but plaintiff is ordered to show cause why this case should not be dismissed.

### I. Defendants Appear to Be Immune from Retrospective Declaratory Relief.

Plaintiff's claim for a declaratory judgment appears to be barred by sovereign immunity (for any official capacity claims) and judicial immunity (for any personal capacity claims).

Insofar as defendants are sued in their official capacities, plaintiff's declaratory judgment request appears to be barred because "[t]he Eleventh Amendment bars federal courts from issuing

2

retrospective declaratory relief against state officials for past violations of federal law." *Szymonik v. Connecticut*, 807 F. App'x 97, 101 (2d Cir. 2020).

Insofar as defendants are sued in their individual capacities, plaintiff's claim for a declaratory judgment appears to be barred by absolute judicial immunity. Under that doctrine, "[j]udges are . . . subject to suit only for (1) 'nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'; and (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). Judicial immunity extends to law clerks' "acts that implement [a judge's] judicial decisions or that are performed at the direction or under the supervision of" the judge. *McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) (citation omitted), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); *see Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir. 1997). Plaintiff's claim against Judge Campanelli and her clerks appear barred under these principles. *See, e.g.*, *Brik v. McFarland*, No. 23-CV-3507 (AMD) (LB), 2023 WL 4274268, at *4 (E.D.N.Y. June 29, 2023). Plaintiff challenges Judge Campanelli's judicial conduct in considering and granting the state-court motion for an injunction against plaintiff, as well as the conduct of law clerks under Judge Campanelli's supervision. And there is no indication that the state court lacks jurisdiction over the claims against plaintiff.

## II. Section 1983 Appears to Preclude Injunctive Relief.

Injunctive relief also appears to be unavailable under Section 1983, which "provides that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Feng Li v. Rabner*, 643 F. App'x 57, 59 (2d Cir. 2016) (quoting 42 U.S.C. § 1983). "[D]eclaratory relief against a judge for actions taken within his or

3

her judicial capacity is ordinarily available by appealing the judge's order." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015) (citation omitted), *aff'd*, 639 F. App'x 38 (2d Cir. 2016). And plaintiff has not contended that defendants violated a declaratory decree or that declaratory relief was unavailable. Accordingly, plaintiff's request for an injunction appears barred by statutory judicial immunity. *See, e.g.*, *McCluskey v. N.Y. State Unified Ct. Sys.*, 442 F. App'x 586, 588 (2d Cir. 2011).

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is granted, but plaintiff is ordered to show cause in writing by January 2, 2025 why this case should not be dismissed for the reasons explained above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff.

SO ORDERED.

      /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: December 16, 2024
       Brooklyn, New York